UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE BELOUS,

        Plaintiff,

-vs-

        FORMER CA NO.: 26-0062-CH

        DISTRICT CT. NO.:
        HON.: _____

CITY OF KALAMAZOO and
KALAMAZOO DEPARTMENT OF
PUBLIC SAFETY,

        Defendants.
_____ /

Andre Belous
In Pro per
7626 N. 26th Street
Kalamazoo, MI  49004
(269) 209-5629
abelous29@gmail.com

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC
Holly S. Battersby  (P72023)
Attorney for Defendants
27555 Executive Drive, Ste. 250
Farmington Hills, MI  48331
(248) 489-4100
hbattersby@rsjalaw.com
_____ /

## NOTICE OF REMOVAL

TO:    The Honorable Judge of the United States
       District Court for the Western District
       of Michigan, Southern Division

Defendants, CITY OF KALAMAZOO AND KALAMAZOO DEPARTMENT OF PUBLIC SAFETY, by are attorneys, ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C., respectfully show this Court:

1.     A copy of the attached Summons and Complaint was delivered to the City of Kalamazoo via certified first class mail on February 2, 2026, and this Notice is being filed with this Court within (30) days of the delivery of the Summons and Complaint in the above-entitled action.

2.     Plaintiff's Complaint, filed in the Kalamazoo County Circuit Court, Civil Action Number 26-0062-CH, alleges violations of Plaintiff's federal constitutional rights and a deprivation of his civil rights.

3.     Specifically, Plaintiff alleges that his 4th and 14th Amendment rights were violated as well as that there is municipal liability pursuant to *Monell v. Dept. of Soc. Services*, 436 U.S. 658 (1978).

4.     Plaintiff also seeks fees pursuant to 42 USC §1988, a remedy which is only available under federal law.

5.     Plaintiff's allegations, involving claims arising under the Constitution and laws of the United States, are within the original jurisdiction of this United States District Court.

6.      Pursuant to 28 USC § 1331 and 28 USC § 1441, Defendants have a right to remove this case to federal court, and removal of this action from the Circuit Court for the County of Kalamazoo to the United States District Court is proper.

7.      All Defendants are being represented by the undersigned counsel and concur in the filing of this Notice.

8.      Promptly after the filing of this Notice of Removal, Defendants shall provide written notice to Plaintiff and the clerk of the Kalamazoo County Circuit Court as required by 28 USC §1446.

9.      All the requirements for this action to be removed to this Court by Defendants pursuant to 28 USC §1441(a) and (b) have been satisfied.

WHEREFORE, Defendants file this Notice of Removal, removing this action to the United States District Court for the Western District of Michigan.  Plaintiff is notified to proceed no further in state court unless or until the case is remanded by Order of the United States District Court.

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC

s/  Holly S. Battersby
Attorney for Defendants
27555 Executive Drive, Ste. 250
Farmington Hills, MI  48331
(248) 489-4100
hbattersby@rsjalaw.com
(P72023)

DATED: February 27, 2026

## **CERTIFICATE OF SERVICE**

Paula M. Rosenthal, being duly sworn, deposes and says that on the 27th day of February, 2026, a copy of this ***Notice of Removal*** will be served on Plainitff Andre Belous, via U.S. Mail, at his address on record, along with the ***Notice of Filing Notice of Removal***, which will be filed with the Kalamazoo County Circuit Court.

<u>s/ Paula M. Rosenthal</u>

Approved, SCAO

Original - Court
1st copy - Defendant
2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN | | CASE NUMBER |
|---|---|---|
| 9th JUDICIAL DISTRICT<br>KALAMAZOO JUDICIAL CIRCUIT<br>COUNTY | SUMMONS | 2026-0062-CH<br>Gary C. Giguere, Jr. |

**Court address**
1536 Gull Road, Kalamazoo, MI 49048

**Court telephone number**
269-383-8837

**Plaintiff's name, address, and telephone number**

ANDRE BELOUS
7626 N 26TH ST
KALAMAZOO MI 49004
269 209 5629

**Plaintiff's attorney bar number, address, and telephone number**

PRO SE

ABELOUS29@GMAIL.COM

v

**Defendant's name, address, and telephone number**

CITY OF KALAMAZOO
C/O CITY CLERK. 241 W SOUTH STREET
KALAMAZOO MI 49007
KALAMAZOO DEPARTMENT OF PUBLIC SAFETY
150 E CROSSTOWN PARKWAY
KALAMAZOO MI 49001

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 1.28.26 | 4.29.26 | Maria X. Dorus |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (3/23)   **SUMMONS**                    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF KALAMAZOO

---

**ANDRE BELOUS,**
Plaintiff,

v. Case No. _2026  0062_CH

**CITY OF KALAMAZOO,**
and
**KALAMAZOO DEPARTMENT OF PUBLIC SAFETY,**
Defendants.

---

### VERIFIED COMPLAINT (MCR 1.109(D)(3))

## I. JURISDICTION AND VENUE

**Jurisdiction**

1. This Court has subject-matter jurisdiction over this action pursuant to **MCL 15.240,** which grants circuit courts jurisdiction to enforce the Michigan Freedom of Information Act ("FOIA"), **MCL 15.231 et seq.**
2. This Court has jurisdiction to issue declaratory relief pursuant to **MCR 2.605 and MCL 600.2041,** as an actual controversy exists regarding Defendants' obligations under FOIA and the legality of their disclosure practices.
3. This Court has federal-question jurisdiction over Plaintiff's claims arising under **42 U.S.C. § 1983,** including violations of the First and Fourteenth Amendments to the United States Constitution, which are properly heard in state court under concurrent jurisdiction.
4. This Court has authority to grant injunctive and equitable relief necessary to remedy ongoing statutory and constitutional violations, including in-camera review of withheld records pursuant to **MCL 15.240(4).**

1

**Venue**

5. Venue is proper in Kalamazoo County Circuit Court under **MCL 600.1621(a)** because Defendant City of Kalamazoo is located within this county.
6. Venue is further proper because:
   a. The public records at issue are maintained, controlled, and withheld in Kalamazoo County;
   b. The underlying police encounter occurred in Kalamazoo County; and
   c. Defendants' challenged actions and omissions occurred within this county.
7. No other venue is more convenient or appropriate for the adjudication of this matter.

## 2. STANDARD OF REVIEW AND PROCEDURAL POSTURE

1. This action arises under the Michigan Freedom of Information Act, **MCL 15.231 et seq.**, and under the United States Constitution pursuant to **42 U.S.C. § 1983**.
2. Review of FOIA determinations is **de novo**, and the burden of proof rests entirely on the public body to justify any withholding or redaction. **MCL 15.240(4)**; *Federated Publications, Inc. v. City of Lansing*, 467 Mich. 98 (2002).
3. On a motion under **MCR 2.116(C)(8)**, the Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the non-moving party.
4. Where a complaint is verified pursuant to **MCR 1.109(D)(3)**, factual allegations may be treated as sworn statements for purposes of preliminary review and preservation determinations.
5. A public body's partial disclosure, selective production, or failure to provide particularized justifications for withheld material constitutes a **constructive denial** actionable under FOIA. *Rataj v. City of Romulus*, 306 Mich App 735 (2014).
6. Declaratory and injunctive relief are appropriate where a dispute presents an actual controversy concerning ongoing governmental practices and where monetary damages alone are insufficient. **MCR 2.605**.
7. Constitutional claims alleging interference with access to courts, suppression of evidence, or deprivation of statutory entitlements without due process are reviewed independently and are not precluded by the availability of state-law remedies. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982).
8. At this stage, Plaintiff is not required to prove his claims, only to plausibly allege facts which, if proven, entitle him to relief.

## 3. TABLE OF AUTHORITIES

**United States Constitution**

2

- U.S. Const. amend. I
  Right to petition the government and access courts.
- U.S. Const. amend. XIV
  Procedural Due Process protections.

---

## United States Statutes

- 42 U.S.C. § 1983
  Civil action for deprivation of constitutional rights.
- 42 U.S.C. § 1988
  Attorney fees and costs in civil rights actions.

---

## Michigan Statutes

- MCL 15.231 et seq.
  Michigan Freedom of Information Act.
- MCL 15.232(i)
  Definition of "public record."
- MCL 15.233(1)
  Right to inspect and copy public records.
- MCL 15.235
  FOIA response timelines and obligations.
- MCL 15.240(4)
  De novo judicial review; burden of proof on public body.
- MCL 15.240(6)
  Costs and disbursements for prevailing requester.
- MCL 15.240(7)
  Mandatory punitive damages for arbitrary or capricious violations.
- MCL 15.244
  Duty to separate exempt and non-exempt material.
- MCL 600.2041
  Declaratory judgment authority.

---

## Michigan Court Rules

- MCR 1.109(D)(3)
  Verification of pleadings under penalty of perjury.
- MCR 2.105(G)
  Service of process on municipal corporations.

3

- MCR 2.605
  Declaratory judgment actions.

---

## United States Supreme Court

- *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)
  State-created entitlements protected by procedural due process.
- *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)
  Municipal liability for policies, practices, or customs.
- *Brady v. Maryland*, 373 U.S. 83 (1963)
  Suppression of evidence violates due process.
- *Christopher v. Harbury*, 536 U.S. 403 (2002)
  Backward-looking access-to-courts claims.

---

## Michigan Supreme Court

- *Evening News Ass'n v. City of Troy*, 417 Mich. 481; 339 N.W.2d 421 (1983)
  Particularized justification required for FOIA exemptions.
- *Federated Publications, Inc. v. City of Lansing*, 467 Mich. 98; 649 N.W.2d 383 (2002)
  FOIA is pro-disclosure; exemptions narrowly construed.
- *Herald Co. v. City of Bay City*, 463 Mich. 111; 614 N.W.2d 873 (2000)
  Duty to redact and release non-exempt portions.

---

## Michigan Court of Appeals

- *Rataj v. City of Romulus*, 306 Mich App 735; 858 N.W.2d 116 (2014)
  Constructive denial through partial or technical compliance.
- *Nicita v. City of Detroit*, 216 Mich App 746; 550 N.W.2d 269 (1996)
  Burden on public body to justify exemptions.
- *People v. Freedland*, 308 Mich. 449; 14 N.W.2d 62 (1944)
  Acts taken without lawful authority are void.
- *Brenner v. Kolk*, 226 Mich App 149; 573 N.W.2d 65 (1997)
  Spoliation sanctions and adverse inference.

---

## Federal Appellate Authority

- *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)
  Requirement for detailed index of withheld records.

4

- *Swekel v. City of River Rouge*, 119 F.3d 1259 (6th Cir. 1997)
  Government concealment interfering with access to courts.
- *Jackson v. City of Cleveland*, 925 F.3d 793 (6th Cir. 2019)
  Monell liability for evidence suppression practices.

# Contents

I. JURISDICTION AND VENUE ............................................................................................1

    Jurisdiction ...................................................................................................................1

    Venue ...........................................................................................................................2

2. STANDARD OF REVIEW AND PROCEDURAL POSTURE ......................................2

3. TABLE OF AUTHORITIES ...........................................................................................2

    United States Constitution .........................................................................................2

    United States Statutes .................................................................................................3

    Michigan Statutes .......................................................................................................3

    Michigan Court Rules .................................................................................................3

    United States Supreme Court ......................................................................................4

    Michigan Supreme Court ............................................................................................4

    Michigan Court of Appeals .........................................................................................4

    Federal Appellate Authority ........................................................................................4

III. PARTIES .......................................................................................................................8

    Plaintiff .......................................................................................................................8

    Defendants ..................................................................................................................8

IV. STATEMENT OF FACTS ..............................................................................................8

    A. The June 24, 2025 Traffic Stop ...............................................................................8

    B. Plaintiff's FOIA Requests for Video and Related Records .......................................9

    C. Defendants' Partial Production of Truncated Video Footage ...................................9

    D. Failure to Identify Statutory Exemptions or Provide Record-Level Justification .................10

    E. Substitution of Policy Documents for Responsive Records ....................................10

    F. Ongoing Harm and Impairment of Review ...........................................................10

COUNT I ............................................................................................................................11

    VIOLATION OF THE MICHIGAN FREEDOM OF INFORMATION ACT ...........................11

    A. Incorporation .......................................................................................................11

    B. The Requested Video Files Are Public Records .....................................................11

    C. FOIA Requires Disclosure of the Record Itself .....................................................11

**D. Defendants Produced Truncated and Incomplete Records** ...................................12

**E. Failure to Identify Statutory Exemptions** ...........................................................12

**F. Failure to Separate Exempt and Non-Exempt Material** ....................................12

**G. Constructive Denial Under Michigan Law** ...........................................................13

**H. Arbitrary and Capricious Conduct** .......................................................................13

**I. Relief Requested Under Count I** .............................................................................13

**COUNT II** ..........................................................................................................................14

**FOURTEENTH AMENDMENT – PROCEDURAL DUE PROCESS** ........................14

**B. Protected Interests** ...................................................................................................14

**C. Exclusive Government Control Over Evidence** .....................................................14

**D. Deprivation Without Due Process** ..........................................................................14

**E. Arbitrary and Conscience-Shocking Conduct** ......................................................15

**F. Causation and Harm** ................................................................................................15

**G. Municipal Liability (Monell)** ..................................................................................15

**H. Relief Requested Under Count II** ...........................................................................16

**COUNT III** .........................................................................................................................16

**FIRST AMENDMENT – RIGHT TO PETITION THE GOVERNMENT & ACCESS TO COURTS** .........................................................................................................................16

**B. Clearly Established Constitutional Right** ..............................................................16

**C. Plaintiff's Protected Activity** ..................................................................................16

**D. Government Interference With Petitioning Activity** .............................................17

**E. Actual Injury to Court Access** ................................................................................17

**F. Shielding of Evidence and Cover-Up Conduct** .....................................................17

**G. Intent and Causation** ...............................................................................................18

**H. Municipal Liability (Monell)** ..................................................................................18

**I. Relief Requested Under Count III** ...........................................................................18

**COUNT IV** ..........................................................................................................................18

**FAILURE TO PRESERVE PUBLIC RECORDS / SPOLIATION OF EVIDENCE** ................18

**A. Incorporation** ............................................................................................................19

**B. Duty to Preserve Evidence** ......................................................................................19

**C. Evidence Subject to Preservation** ...........................................................................19

**D. Breach of the Duty to Preserve** ..............................................................................19

**E. Culpability** .................................................................................................................20

6

F. Prejudice to Plaintiff.............................................................................................20

G. Constitutional Dimension......................................................................................20

H. Municipal Liability................................................................................................20

I. Relief Requested Under Count IV...........................................................................21

COUNT V....................................................................................................................21

INJUNCTIVE RELIEF AND IN CAMERA REVIEW.................................................21

A. Incorporation.........................................................................................................21

B. Ongoing and Irreparable Harm..............................................................................21

C. Likelihood of Success on the Merits......................................................................22

D. Balance of Equities...............................................................................................22

E. Public Interest.......................................................................................................22

F. Necessity of In Camera Review.............................................................................22

G. Specific Injunctive Relief Requested.....................................................................23

PRAYER FOR RELIEF...............................................................................................23

A. Declaratory Relief.................................................................................................23

B. Injunctive Relief....................................................................................................23

C. Statutory and Equitable Relief...............................................................................24

VERIFICATION..........................................................................................................24

EXHIBIT INDEX.........................................................................................................26

Exhibit 1....................................................................................................................26

Exhibit 2....................................................................................................................26

Exhibit 3....................................................................................................................26

Exhibit 4....................................................................................................................27

Exhibit 5....................................................................................................................27

Exhibit 6....................................................................................................................27

Exhibit 7....................................................................................................................28

Exhibit 8....................................................................................................................28

Exhibit 9....................................................................................................................28

Exhibit 10 a and b......................................................................................................29

Exhibit 11..................................................................................................................29

## III. PARTIES

**Plaintiff**

8. Plaintiff **Andre Belous** is a natural person and resident of Kalamazoo County, Michigan.
9. Plaintiff is a requester of public records under the Michigan Freedom of Information Act and was directly affected by the police encounter and subsequent withholding of public records at issue in this action.
10. Plaintiff brings this action to enforce statutory rights under FOIA and constitutional rights under the First and Fourteenth Amendments.

---

**Defendants**

11. Defendant **City of Kalamazoo** is a municipal corporation organized under the laws of the State of Michigan and is a "public body" within the meaning of **MCL 15.232(h)**.
12. Defendant **Kalamazoo Department of Public Safety (KDPS)** is a department and agency of the City of Kalamazoo and is responsible for law enforcement operations, record retention, and FOIA compliance related to police-generated records.
13. At all relevant times, Defendants acted under color of state law and exercised final authority over the creation, maintenance, classification, and disclosure of the public records at issue.

# IV. STATEMENT OF FACTS

## A. The June 24, 2025 Traffic Stop

1. On June 24, 2025, Plaintiff Andre Belous was lawfully operating a motor vehicle in Kalamazoo, Michigan, in the vicinity of the Motel 6 / Econo Lodge and the Speedway gas station located along Sprinkle Road. KDPS patrol vehicles were present in the area, including a patrol vehicle that positioned itself behind Plaintiff's vehicle near the Motel 6. (Exhibits 1, 11).
2. At approximately the time later alleged by Defendants, officers of the Kalamazoo Department of Public Safety ("KDPS") activated emergency lights and initiated a traffic stop of Plaintiff's vehicle. No citation or written warning was issued to Plaintiff as a result of the stop. (Exhibits 1, 10).
3. Defendants have asserted that the basis for the stop was an alleged improper or unlawful lane change by Plaintiff.

8

4. Plaintiff denies committing any traffic violation and specifically denies making any improper or unlawful lane change at any time prior to the stop. (Exhibits 10, 11).

5. At all relevant times, KDPS patrol vehicles were equipped with dash-mounted cameras, and KDPS officers were equipped with body-worn cameras capable of recording synchronized video and audio of traffic enforcement activity. (Exhibits 1, 8).

6. Any alleged traffic violation justifying the stop, if it occurred at all, necessarily would have taken place **before** the activation of emergency lights and **before** officers exited their patrol vehicles. That period constitutes "pre-stop" footage within KDPS's own recording systems. (Exhibits 3, 11).

---

## B. Plaintiff's FOIA Requests for Video and Related Records

7. Following the traffic stop, Plaintiff submitted written requests pursuant to the Michigan Freedom of Information Act ("FOIA"), MCL 15.231 et seq., seeking public records related to the June 24, 2025 traffic stop. (Exhibit 1).

8. Plaintiff's FOIA requests expressly sought, among other things:
   a. Complete body-worn camera recordings from all involved officers;
   b. Complete dash-camera recordings from all involved patrol vehicles;
   c. Pre-stop, stop, and post-stop footage;
   d. Any video or digital records depicting the alleged traffic violation cited as justification for the stop;
   e. Associated metadata, timestamps, audit logs, and retention information sufficient to establish continuity and completeness of the recordings. (Exhibits 1, 3).

9. Plaintiff specifically clarified that he was requesting the **entire original video files**, not edited clips, excerpts, summaries, or selectively curated segments. (Exhibits 1, 3).

10. The City of Kalamazoo and KDPS acknowledged receipt of Plaintiff's FOIA requests and supplemental requests, confirming that the requests were properly submitted and received. (Exhibits 2, 4).

---

## C. Defendants' Partial Production of Truncated Video Footage

11. In response to Plaintiff's FOIA requests, Defendants produced video files that begin only **after** officers had exited their patrol vehicles and **after** emergency lights had already been activated. (Exhibits 3, 12).

12. The video files produced by Defendants do **not** depict:
   a. Plaintiff's vehicle prior to activation of emergency lights;
   b. Any alleged lane change or traffic violation;
   c. The approach, positioning, or following distance of KDPS patrol vehicles prior to the stop;
   d. The full temporal sequence of the encounter. (Exhibits 3, 11).

13. The footage produced by Defendants omits the precise time period during which the alleged basis for the stop necessarily would have occurred.

9

14. Despite Plaintiff's express and repeated requests for pre-stop footage, Defendants did not produce any video showing Plaintiff's driving conduct immediately prior to the stop. (Exhibits 3, 5).

## D. Failure to Identify Statutory Exemptions or Provide Record-Level Justification

15. Defendants did not identify any specific statutory exemption under MCL 15.243 justifying the omission or withholding of pre-stop footage.
16. Defendants did not provide:
    a. A redaction log;
    b. A Vaughn-style index;
    c. A record-level explanation identifying which portions of the requested recordings were withheld and why;
    d. A sworn certification that no additional responsive footage exists. (Exhibits 5, 6).
17. Instead, Defendants made generalized and shifting references to records being "internal," "non-existent," or subject to unspecified privacy or law-enforcement considerations, without linking any claimed exemption to any specific withheld portion of any video file. (Exhibits 6, 7).
18. Defendants further produced no public record identifying who made the decision to classify the requested recordings as "internal," to truncate the video files, or to withhold pre-stop footage from disclosure. (Exhibits 6, 7).

## E. Substitution of Policy Documents for Responsive Records

19. In lieu of producing the complete requested video files, Defendants produced general FOIA policy documents and procedural materials. (Exhibit 12).
20. These policy documents do not contain the requested recordings, do not describe the contents of the withheld footage, and do not explain the factual or legal basis for truncating the video files.
21. The production of policy materials did not satisfy Plaintiff's FOIA requests for existing public records documenting the traffic stop and related law enforcement activity. (Exhibits 5, 9).

## F. Ongoing Harm and Impairment of Review

22. Defendants' partial and selective disclosure deprives Plaintiff of access to the full public record necessary to:
    a. Evaluate the factual basis for the traffic stop;
    b. Assess whether reasonable suspicion or probable cause existed;

10

    c. Evaluate officer conduct leading up to and during the encounter;

    d. Meaningfully challenge governmental action through judicial process. (Exhibits 10, 11).

23. Evaluation of police conduct requires consideration of the **totality of the circumstances**, including events leading up to the stop and the officers' conduct prior to activating emergency lights.

24. By withholding pre-stop footage while asserting that such footage is irrelevant, unavailable, or non-existent, Defendants have substituted their own administrative judgment for judicial review and foreclosed meaningful oversight.

25. Plaintiff continues to suffer ongoing injury as a result of Defendants' failure to produce the complete, unedited public records responsive to his FOIA requests, including impairment of his ability to vindicate statutory and constitutional rights.

## COUNT I

## VIOLATION OF THE MICHIGAN FREEDOM OF INFORMATION ACT

### MCL 15.231 et seq. – Constructive Denial

### A. Incorporation

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

### B. The Requested Video Files Are Public Records

2. Defendants maintain body-worn camera recordings, dash-camera recordings, and related digital files generated in the course of official law-enforcement activity.

3. These recordings constitute "public records" under **MCL 15.232(i)** because they are prepared, owned, used, and retained by a public body in the performance of an official function.

4. Defendants do not dispute that video recordings responsive to Plaintiff's FOIA requests exist or existed at the time of Plaintiff's requests.

### C. FOIA Requires Disclosure of the Record Itself

5. Michigan FOIA requires disclosure of public records unless a specific statutory exemption applies. **MCL 15.233(1).**

6. FOIA is a pro-disclosure statute, and its exemptions must be narrowly construed. *Federated Publications, Inc. v. City of Lansing*, 467 Mich. 98, 110; 649 N.W.2d 383 (2002).
7. When a public body maintains a video recording, the **video file itself** constitutes the public record.
8. A public body may not satisfy a FOIA request by producing only selected excerpts, clips, or truncated versions of a responsive record without identifying statutory exemptions for each withheld portion. *Evening News Ass'n v. City of Troy*, 417 Mich. 481, 505; 339 N.W.2d 421 (1983).

---

## D. Defendants Produced Truncated and Incomplete Records

9. Defendants produced video files that begin only after officers had exited their patrol vehicles and after emergency lights were activated.
10. The produced footage omits the time period during which the alleged traffic violation would have occurred.
11. The omission of pre-stop footage renders the production incomplete and non-responsive to Plaintiff's request for the full video record.
12. Defendants' production therefore does not constitute disclosure of the public record itself.

---

## E. Failure to Identify Statutory Exemptions

13. FOIA places the burden of proof on the public body to justify withholding or redaction. **MCL 15.240(4).**
14. Defendants did not identify any specific exemption under **MCL 15.243** justifying the omission of pre-stop footage.
15. Defendants did not provide:
    a. A redaction log;
    b. A Vaughn-style index;
    c. A document-specific justification for any withheld portion of the video files.
16. Conclusory references to "privacy," "law enforcement," or "internal" classification are legally insufficient. *Evening News Ass'n*, 417 Mich. at 505; *Nicita v. City of Detroit*, 216 Mich. App. 746, 751; 550 N.W.2d 269 (1996).

---

## F. Failure to Separate Exempt and Non-Exempt Material

17. Where a public record contains both exempt and non-exempt material, FOIA requires the public body to separate and disclose the non-exempt portion. **MCL 15.244.**

18. The existence of potentially exempt content does not justify withholding the entire record or an entire segment of the record.
*Herald Co. v. City of Bay City*, 463 Mich. 111, 121; 614 N.W.2d 873 (2000).

19. Defendants failed to demonstrate that separation was impossible or impracticable.

## G. Constructive Denial Under Michigan Law

20. A denial under FOIA is not limited to an express refusal but includes conduct that effectively prevents access to the requested records.
*Rataj v. City of Romulus*, 306 Mich. App. 735, 757; 858 N.W.2d 116 (2014).

21. Providing only a truncated or edited portion of a responsive record, while withholding the remainder without statutory justification, constitutes a constructive denial.

22. Defendants' selective disclosure frustrated Plaintiff's right to full and complete information and therefore constitutes a constructive denial under FOIA.

## H. Arbitrary and Capricious Conduct

23. Defendants acted arbitrarily and capriciously by:
   a. Producing incomplete video files;
   b. Withholding pre-stop footage without identifying statutory exemptions;
   c. Failing to provide record-level explanations for omissions;
   d. Substituting policy documents for responsive records;
   e. Continuing selective disclosure after Plaintiff objected and appealed.

24. Such conduct undermines FOIA's purpose and warrants statutory penalties under MCL **15.240(7)**.

## I. Relief Requested Under Count I

25. Plaintiff respectfully requests that this Court:
   a. Declare that Defendants violated the Michigan Freedom of Information Act;
   b. Order Defendants to produce the complete, original, unedited video files responsive to Plaintiff's FOIA requests;
   c. Conduct an in camera review of withheld portions if exemptions are asserted;
   d. Award costs and disbursements under **MCL 15.240(6)**;
   e. Award punitive damages of $1,000 under **MCL 15.240(7)**;
   f. Grant such further relief as the Court deems just and proper.

# COUNT II

**FOURTEENTH AMENDMENT – PROCEDURAL DUE PROCESS**

**42 U.S.C. § 1983**
**A. Incorporation**

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

---

**B. Protected Interests**

2. Plaintiff possesses protected property and liberty interests in:
   a. Access to public records guaranteed by Michigan Freedom of Information Act;
   b. Use of those records to evaluate, challenge, and petition against governmental action;
   c. Meaningful access to judicial and administrative remedies.
3. State-created statutory entitlements, once conferred, are protected by the Due Process Clause.
   *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982).

---

**C. Exclusive Government Control Over Evidence**

4. Defendants exercise exclusive custody and control over:
   a. Body-worn camera footage;
   b. Dash-camera recordings;
   c. Metadata, timestamps, and audit logs;
   d. Video retention, classification, and access systems.
5. Plaintiff has no alternative means to obtain or recreate this evidence.
6. When the government exclusively controls evidence necessary to vindicate legal rights, due process imposes heightened procedural obligations.

---

**D. Deprivation Without Due Process**

7. Defendants deprived Plaintiff of procedural due process by:
   a. Producing truncated video files while withholding the original recordings;
   b. Omitting pre-event footage without identifying statutory exemptions;
   c. Classifying responsive records as "internal" without notice or explanation;
   d. Failing to provide record-specific justifications for withheld material;
   e. Restricting Plaintiff's access to the FOIA portal during active requests and appeals.
8. These actions occurred without:
   a. Adequate notice;

14

b. A meaningful opportunity to challenge the withholding;

c. Neutral procedural safeguards.

9. A process that exists in theory but is denied in practice does not satisfy due process requirements.

## E. Arbitrary and Conscience-Shocking Conduct

10. Defendants' conduct was arbitrary because it departed from mandatory statutory procedures without explanation.

11. Defendants' conduct shocks the conscience because it:

a. Suppressed evidence exclusively within government control;

b. Prevented Plaintiff from evaluating the factual basis of a police stop;

c. Substituted unilateral administrative judgment for judicial review.

12. Arbitrary interference with statutory process violates procedural due process even absent physical restraint or criminal prosecution.

## F. Causation and Harm

13. Defendants' actions were the direct and proximate cause of Plaintiff's injuries, including:

a. Loss of meaningful access to evidence;

b. Impairment of Plaintiff's ability to petition and seek redress;

c. Delay and obstruction of legal remedies;

d. Ongoing uncertainty regarding the completeness and integrity of public records.

14. These injuries are concrete, particularized, and ongoing.

## G. Municipal Liability (Monell)

15. Defendants' conduct was undertaken pursuant to municipal policies, practices, or customs including:

a. Narrative-based disclosure in place of record-based disclosure;

b. Routine truncation of video records;

c. Administrative reclassification of records to restrict access;

d. Failure to train FOIA personnel on statutory disclosure obligations.

16. These practices were known to, ratified by, or carried out under the supervision of municipal policymakers.

17. Defendant City of Kalamazoo is therefore liable under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

## H. Relief Requested Under Count II

18. Plaintiff respectfully requests that this Court:
    a. Declare that Defendants violated Plaintiff's procedural due process rights;
    b. Order Defendants to provide lawful access to responsive records;
    c. Enjoin Defendants from continuing practices that obstruct statutory process;
    d. Award compensatory damages as permitted by law;
    e. Grant such further relief as the Court deems just and proper.

# COUNT III

## FIRST AMENDMENT – RIGHT TO PETITION THE GOVERNMENT & ACCESS TO COURTS

## 42 U.S.C. § 1983
## A. Incorporation

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

---

## B. Clearly Established Constitutional Right

2. The First Amendment guarantees the right to petition the government for redress of grievances.
3. This right includes meaningful access to courts and administrative processes necessary to vindicate legal rights.
4. Government action that obstructs access to evidence required to pursue legal claims violates the First Amendment.

*Christopher v. Harbury*, 536 U.S. 403, 412–15 (2002).

---

## C. Plaintiff's Protected Activity

5. Plaintiff engaged in protected First Amendment activity by:
    a. Submitting FOIA requests for records concerning police conduct;
    b. Appealing partial denials and redactions;
    c. Preparing judicial challenges concerning the legality of a traffic stop;
    d. Seeking evidence necessary to petition courts and public officials for relief.

16

6. These activities were lawful, non-disruptive, and directly connected to Plaintiff's right to seek redress.

---

## D. Government Interference With Petitioning Activity

7. Defendants interfered with Plaintiff's protected activity by:
   a. Withholding pre-event and contextual video footage without lawful exemption;
   b. Producing truncated recordings that obscured the factual basis of the traffic stop;
   c. Delaying production beyond statutory timeframes after notice and appeal;
   d. Reclassifying responsive records as "internal" to block access;
   e. Restricting Plaintiff's ability to access records through portal barriers and credential changes.
8. These actions materially impaired Plaintiff's ability to:
   a. Evaluate the legality of police conduct;
   b. Prepare pleadings and motions;
   c. Seek timely judicial review;
   d. Present a complete factual record.

---

## E. Actual Injury to Court Access

9. Plaintiff suffered actual, concrete injury because:
   a. The alleged basis for the traffic stop is absent from the produced record;
   b. Plaintiff cannot test or rebut officer assertions;
   c. Judicial review is distorted by incomplete evidence;
   d. Plaintiff's legal claims are delayed, weakened, or rendered ineffective.
10. This constitutes a "backward-looking" access-to-courts injury under *Harbury*.

---

## F. Shielding of Evidence and Cover-Up Conduct

11. State officials violate the First Amendment when they conceal or suppress evidence in a manner that prevents meaningful legal redress.

*Swekel v. City of River Rouge*, 119 F.3d 1259, 1262–63 (6th Cir. 1997).

12. Defendants' withholding of pre-stop footage and failure to account for missing records shielded key facts necessary for Plaintiff to pursue legal remedies.
13. The interference occurred after Defendants knew Plaintiff was engaged in or contemplating litigation.

---

## G. Intent and Causation

14. Defendants' actions were intentional or undertaken with reckless disregard for Plaintiff's rights.
15. Even absent retaliatory motive, deliberate obstruction of access to necessary records violates the First Amendment.
16. Defendants' conduct was a substantial and motivating factor in the constitutional deprivation.

---

## H. Municipal Liability (Monell)

17. The interference resulted from municipal policies, practices, or customs including:
    a. Selective disclosure of police video records;
    b. Narrative-based release rather than record-based disclosure;
    c. Administrative reclassification to limit access after requests are filed;
    d. Failure to train FOIA personnel on constitutional implications of withholding evidence.
18. These practices were known to or ratified by policymakers within the City of Kalamazoo.
19. Defendant City is therefore liable under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

---

## I. Relief Requested Under Count III

20. Plaintiff respectfully requests that this Court:
    a. Declare that Defendants violated Plaintiff's First Amendment rights;
    b. Enjoin Defendants from obstructing access to public records necessary for petitioning activity;
    c. Order production of complete responsive records;
    d. Award compensatory damages as permitted by law;
    e. Grant such further relief as the Court deems just and proper.

## COUNT IV

## FAILURE TO PRESERVE PUBLIC RECORDS / SPOLIATION OF EVIDENCE

**42 U.S.C. § 1983; Michigan Common Law**
(Against City of Kalamazoo and KDPS)

## A. Incorporation

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

## B. Duty to Preserve Evidence

2. Defendants had an affirmative duty to preserve evidence related to the June 24, 2025 traffic stop.
3. This duty attached no later than:
   a. The date of the traffic stop;
   b. Plaintiff's initial FOIA request for video records;
   c. Defendants' knowledge of anticipated or ongoing litigation.
4. The duty to preserve arises under:
   a. Michigan Freedom of Information Act;
   b. KDPS record-retention policies;
   c. Michigan common law governing spoliation;
   d. Federal constitutional obligations where evidence is material to legal claims.

## C. Evidence Subject to Preservation

5. Evidence subject to preservation included, but was not limited to:
   a. Full, original dash-camera video files;
   b. Full, original body-worn camera video files;
   c. Pre-stop footage capturing patrol positioning and alleged traffic violation;
   d. Post-stop footage reflecting officer conduct;
   e. Metadata, timestamps, and file integrity data;
   f. Audit logs reflecting access, editing, redaction, or reclassification.
6. These materials constitute public records and critical evidence exclusively controlled by Defendants.

## D. Breach of the Duty to Preserve

7. Defendants breached their preservation duty by:
   a. Producing only truncated excerpts of responsive video files;
   b. Failing to produce or account for pre-stop footage;
   c. Withholding metadata and audit logs;
   d. Reclassifying responsive records as "internal" after requests were filed;
   e. Failing to certify that original files remain intact and unaltered.

8. Defendants have never affirmatively represented that:
    a. The original video files remain preserved in full; or
    b. No responsive footage was deleted, overwritten, or altered.

---

## E. Culpability

9. Defendants' conduct was at least negligent and, upon information and belief, intentional.
10. The pattern of delay, omission, and selective disclosure demonstrates conscious disregard for preservation obligations.
11. Where a party controls evidence and selectively produces portions favorable to its position, spoliation may be inferred.

*Brenner v. Kolk*, 226 Mich. App. 149, 160–61 (1997).

---

## F. Prejudice to Plaintiff

12. Plaintiff has been materially prejudiced because:
    a. The alleged basis for the traffic stop is absent from the record;
    b. Plaintiff cannot test officer credibility or factual assertions;
    c. Judicial review is distorted by an incomplete evidentiary record;
    d. Potentially exculpatory context has been suppressed.
13. The prejudice cannot be cured without judicial intervention.

---

## G. Constitutional Dimension

14. The destruction, alteration, or concealment of evidence by state actors violates procedural due process where it impairs access to courts.

*Ryland v. Shapiro*, 708 F.2d 967, 974–75 (5th Cir. 1983).

15. Defendants' conduct deprived Plaintiff of a fair opportunity to challenge governmental action using complete evidence.

---

## H. Municipal Liability

16. The failure to preserve evidence resulted from municipal practices including:
    a. Inadequate retention safeguards for police video;

20

b. Lack of training on preservation obligations following FOIA requests;

c. Permitting reclassification or alteration of records after notice of litigation.

17. These practices constitute deliberate indifference to constitutional and statutory rights.

---

## I. Relief Requested Under Count IV

18. Plaintiff respectfully requests that this Court:

a. Declare that Defendants breached their duty to preserve public records;

b. Order production of all original video files and associated metadata;

c. Conduct in camera review of preserved materials;

d. Impose appropriate sanctions, including adverse inference if warranted;

e. Enjoin Defendants from further alteration or destruction of evidence;

f. Grant such further relief as the Court deems just and proper.

## COUNT V

## INJUNCTIVE RELIEF AND IN CAMERA REVIEW

## MCL 15.240; MCR 2.605; U.S. Const. amend. XIV
(Against All Defendants)

## A. Incorporation

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

---

## B. Ongoing and Irreparable Harm

2. Defendants' continued withholding, truncation, and reclassification of responsive records constitutes an ongoing violation of Plaintiff's statutory and constitutional rights.

3. The harm is irreparable because:

a. The evidence is exclusively controlled by Defendants;

b. Digital video evidence is subject to overwriting, deletion, or alteration;

c. Delay undermines Plaintiff's ability to seek meaningful judicial review;

d. No later monetary award can restore lost evidence or context.

4. Absent injunctive relief, Plaintiff faces continuing deprivation of access to the full public record.

---

## C. Likelihood of Success on the Merits

5. Plaintiff is likely to succeed on the merits because:
   a. Michigan FOIA mandates disclosure of public records unless a specific exemption applies;
   b. Defendants failed to identify document-specific exemptions for withheld footage;
   c. The burden of proof rests entirely with Defendants under MCL 15.240(4);
   d. Truncated disclosure constitutes constructive denial under Michigan law.
6. FOIA disputes are reviewed de novo, and courts owe no deference to the public body's determinations.

*Federated Publications, Inc. v. City of Lansing*, 467 Mich. 98 (2002).

---

## D. Balance of Equities

7. The balance of equities favors Plaintiff because:
   a. Plaintiff seeks access only to records already in Defendants' possession;
   b. Defendants face no undue hardship from complying with statutory disclosure obligations;
   c. Continued nondisclosure undermines public trust and judicial oversight.
8. Administrative convenience cannot outweigh statutory and constitutional rights.

---

## E. Public Interest

9. The public has a compelling interest in:
   a. Transparent law enforcement practices;
   b. Accountability in the handling of public records;
   c. Judicial oversight where executive agencies control critical evidence.
10. Injunctive relief promotes, rather than harms, the public interest.

---

## F. Necessity of In Camera Review

11. Defendants have asserted exemptions and classifications without providing:
    a. A redaction log;
    b. A Vaughn-style index;
    c. Particularized justification for withheld portions.
12. Where the completeness of a record is disputed and exemptions are asserted without specificity, in camera review is appropriate.

*Evening News Ass'n v. City of Troy*, 417 Mich. 481 (1983).

13. In camera review is necessary to:
    a. Verify whether additional footage exists;
    b. Determine whether withheld portions are lawfully exempt;
    c. Assess whether records have been altered or truncated.

---

## G. Specific Injunctive Relief Requested

14. Plaintiff respectfully requests that the Court issue an order:
    a. Compelling Defendants to produce the complete, original, unedited video files responsive to Plaintiff's FOIA requests;
    b. Requiring production of all associated metadata, timestamps, and audit logs;
    c. Ordering preservation of all related digital evidence pending final resolution;
    d. Submitting all withheld or disputed materials for in camera inspection;
    e. Enjoining Defendants from further truncation, alteration, or reclassification of responsive records.
15. Plaintiff further requests that the Court retain jurisdiction to enforce compliance with its orders.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Andre Belous respectfully requests that this Court enter judgment in his favor and grant the following relief:

## A. Declaratory Relief

1. Declare that Defendants' production of truncated, edited, or selectively curated video footage in response to Plaintiff's FOIA requests constitutes unlawful withholding and constructive denial under the Michigan Freedom of Information Act, MCL 15.231 et seq.
2. Declare that pre-stop and post-stop video footage, including patrol positioning and lead-up conduct, constitutes part of the same public record as footage captured during officer contact and may not be withheld absent a specific, narrowly tailored statutory exemption.
3. Declare that a public body may not unilaterally determine the "relevance" of portions of a public record in lieu of identifying statutory exemptions under MCL 15.243.
4. Declare that reclassification of responsive records as "internal" after a FOIA request is filed violates Michigan FOIA.
5. Declare that substitution of policy manuals, summaries, or procedural explanations does not satisfy a request for existing public records.
6. Declare that Defendants' practices interfere with Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution.

---

## B. Injunctive Relief

23

7. Issue a permanent injunction requiring Defendants to:

   a. Produce the complete, original, unedited video files responsive to Plaintiff's FOIA requests, including all pre-event and post-event footage;

   b. Produce all associated metadata, audit logs, timestamps, and chain-of-custody records;

   c. Preserve all video evidence and related digital records associated with the June 24, 2025 traffic stop pending final resolution;

   d. Cease the practice of narrative disclosure in lieu of record-level disclosure;

   e. Provide a Vaughn-style index identifying each withheld record or portion thereof, the precise statutory exemption claimed, and the factual justification for its application;

   f. Refrain from further obstruction of Plaintiff's access to FOIA portals or equivalent review mechanisms.

8. Retain jurisdiction to enforce compliance with the Court's orders.

---

## C. Statutory and Equitable Relief

9. Order in camera review of all withheld or disputed materials.
10. Award Plaintiff statutory punitive damages in the amount of $1,000 pursuant to MCL 15.240(7) for arbitrary and capricious conduct.
11. Award Plaintiff costs and disbursements as provided by MCL 15.240(6) and 42 U.S.C. § 1988.
12. Grant such other and further relief as the Court deems just and proper.

# VERIFICATION

## (MCR 1.109(D)(3))

I, **Andre Belous,** being first duly sworn, state as follows:

1. I am the Plaintiff in the above-captioned action.

24

2. I have personal knowledge of the facts stated in this Complaint, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

3. I have reviewed the foregoing Complaint in its entirety, including all incorporated exhibits.

4. The factual allegations contained therein are true and correct to the best of my knowledge, information, and belief.

5. This Verification is made pursuant to **MCR 1.109(D)(3)** and is submitted under penalty of perjury.

I declare under the laws of the State of Michigan that the foregoing is true and correct.


Date:  _____ 1 . 26  2026 _____


**Andre Belous**
Plaintiff
7626 N 26th Street
Kalamazoo, Michigan 49004

# EXHIBIT INDEX

## Exhibit 1

**Initial FOIA Request – June 25, 2025 (Kalamazoo DPS)**
**Description:**
Plaintiff's original FOIA request seeking records related to the June 24, 2025 traffic stop,
including officer credentials, oaths of office, bonds/insurance, and all audio/video recordings.

**Legal Significance:**

- Establishes the **scope of the public records requested**
- Triggers the City's **statutory duty to preserve records**
- Fixes the start date for FOIA timelines under MCL 15.235
- Demonstrates that **pre-stop footage and officer authority** were requested from the
  outset

---

## Exhibit 2

**City Acknowledgment of FOIA Request – July 2, 2025**
**Description:**
Email from Kalamazoo Public Records Request Center acknowledging receipt of FOIA Request
No. P019118-062525.

**Legal Significance:**

- Confirms **receipt and jurisdiction**
- Eliminates any claim of "non-receipt"
- Starts the clock for **constructive denial analysis**

---

## Exhibit 3

**Supplemental FOIA Request – November 12, 2025**
**Description:**
Plaintiff's supplemental FOIA explicitly requesting **pre-stop dash camera and body camera
footage**, including recordings from officers positioned behind or approaching from the Motel 6 /
Econo Lodge area.

**Legal Significance:**

- Narrows and clarifies the **exact** footage withheld

- Defeats arguments that the request was vague
- Establishes **actual notice** of the specific missing evidence
- Critical for **spoliation and bad-faith arguments**

---

## Exhibit 4

**City Response to Supplemental FOIA – December 4, 2025**
**Description:**
City acknowledgment of the supplemental FOIA request, without production of the requested pre-stop footage.

**Legal Significance:**

- Shows **continued non-production**
- Supports **constructive denial** under Rataj
- Demonstrates **pattern, not accident**

---

## Exhibit 5

**Formal FOIA Appeal – October 28, 2025**
**Description:**
Plaintiff's Notice of Continued Obstruction, Demand for Disclosure, and Formal FOIA Appeal addressed to the Mayor as Head of the Public Body.

**Legal Significance:**

- Shows **exhaustion of administrative remedies** (even though not required)
- Establishes **good faith** by Plaintiff
- Locks in the City's awareness of alleged violations
- Defeats "failure to exhaust" dismissal arguments

---

## Exhibit 6

**Mayor's FOIA Appeal Determination – August 8, 2025**
**Description:**
Letter from Mayor David F. Anderson granting the appeal "in part," citing staffing delays and estimated processing time.

**Legal Significance:**

- Admission that **records exist or should exist**
- Confirms **no formal denial,** supporting constructive denial theory
- Shows **indefinite delay,** not lawful extension
- Evidence of **administrative obstruction**

---

## Exhibit 7

**KDPS Letter – August 7, 2025**
**Description:**
KDPS correspondence restating the FOIA request and continuing to delay full production.

**Legal Significance:**

- Demonstrates **agency-level repetition without compliance**
- Supports Monell-style **custom or practice** of FOIA obstruction
- Reinforces the absence of exemption claims

---

## Exhibit 8

**Michigan Municipal Risk Management Authority (MMRMA) Certificate of Coverage**
**Description:**
Insurance certificate showing City of Kalamazoo coverage for law enforcement and public officials.

**Legal Significance:**

- Confirms **municipal liability coverage**
- Undercuts claims that officers were acting outside scope but insured anyway
- Relevant to **Monell and indemnification**

---

## Exhibit 9

**Notice of Intent to Sue – November 12, 2025**
**Description:**
Formal notice sent via certified mail to Mayor, City Clerk, Assistant City Attorney, and KDPS command staff.

**Legal Significance:**

- Establishes pre-litigation notice

- Shows **clear articulation of claims**
- Defeats surprise or prejudice arguments
- Demonstrates escalation only after prolonged obstruction

---

## Exhibit 10 a and b

**Affidavit and Limited Authorization – Melanie B. Smith**
**Description:**
Sworn affidavit from passenger present during the traffic stop, authorizing release of records and describing officer conduct.

**Legal Significance:**

- Independent witness evidence
- Confirms **no citation issued**
- Supports claim that alleged violation is unsupported
- Reinforces necessity of **pre-stop footage**

---

## Exhibit 11

**Map Screenshot – Pre-Stop Location Evidence**
**Description:**
Screenshot/map showing the point approximately **1,000 feet before KDPS vehicle pulled behind Plaintiff**, where dash-camera recording should have begun.

**Legal Significance:**

- Demonstrates **objective opportunity for recording**
- Undermines claims that footage "does not exist"
- Supports **spoliation inference**
- Corroborates Plaintiff's timeline and location claims
- Anchors the "pre-stop" argument to physical geography

Gmail - [Records Center] Public Safety Records Request :: P019118-0 ...        https://mail.google.com/mail/u/2/?ik=1b477967d1&view=pt&search=a

 **Gmail**

Andre <watchman.command.center@gmail.com>

---

## [Records Center] Public Safety Records Request :: P019118-062525

City of Kalamazoo Public Records Request Center <kalamazoomi@govqa.us>        Wed, Jul 2, 2025 at 9:14 AM
To: "watchman.command.center@gmail.com" <watchman.command.center@gmail.com>

— Please respond above this line —



---

RE: Freedom of Information Act Request dated June 25, 2025, Reference #P019118-062525

Dear Andre Belous,

The Kalamazoo Department of Public Safety has received your public information request dated 6/25/2025 pursuant to MCL 15.235(1) for the following:

*Dear FOIA Officer,*

*Pursuant to the Michigan Freedom of Information Act (MCL 15.231 et seq.), I formally request the following public records pertaining to a traffic stop conducted by officers of the Kalamazoo Department of Public Safety (KDPS) on June 24, 2025, between 6:30 PM and 8:30 PM, involving:*

*\* Vehicle: Toyota Sequoia (Michigan License Plate: DOC 2716)*

*\* Location:  Vicinity of Motel 6/Econo Lodge, to Speedway Station 2375 S Sprinkle rd, Kalamazoo, MI*

*1. OFFICER CREDENTIALS & LEGAL AUTHORITY*

*For Officer S. Overly, Officer Garner (Badge #1589), and all other involved personnel, provide:*

*\*A. Certified copies of their Oath of Office, including execution date and filing authority.*

*\* B. Proof of active bond, surety, or professional liability insurance as of June 24, 2025.*

*\* C. Employment start date with KDPS or the City of Kalamazoo.*

*\*D. Any records of external deputization, inter-agency agreements, or third-party assignments (if applicable).*

*Note: Failure to provide these documents may constitute evidence of unauthorized law enforcement activity under MCL 750.217c (Impersonation of a public official).*

2. *VIDEO, AUDIO, & DIGITAL EVIDENCE*

* *A. Full body-worn camera (BWC) footage from all involved officers.*

* *B. Complete dashcam footage from patrol vehicles.*

* *C. Dispatch logs, CAD/MDT records, radio transcripts, and incident reports related to the stop.*

* *D. Any supervisor reviews, notes, or post-stop documentation.*

*If no records exist, provide a written confirmation of their nonexistence.*

3. *LEGAL BASIS FOR THE STOP*

* *A. The articulable suspicion or probable cause justifying the stop.*

* *B. Documentation of the reason for initiating contact with my vehicle or passengers.*

* *C. Confirmation of whether the stop was officer-initiated or dispatch-directed.*

*Absent documented justification, this may constitute an unlawful stop under the Fourth Amendment and Brown v. Texas, 443 U.S. 47 (1979).*

4. *PRE- AND POST-STOP SURVEILLANCE RECORDS*

*To assess potential profiling or improper targeting, provide:*

* *A. Five minutes prior to stop:*

* *GPS/AVL data of patrol vehicles near the scene.*

* *Any footage or notes indicating pre-stop observation.*

* *B. Five minutes after stop:*

* *Patrol vehicle movements and post-stop activity logs.*

* *Evidence of continued surveillance or loitering.*

5. *USE OF ENCRYPTED OR NON-STANDARD COMMUNICATIONS*

* *A. A list of messaging platforms used by KDPS officers (e.g., Signal, WhatsApp, Zello, Slack).*

* *B. Copies of all communications related to this stop sent via such platforms between 6:30 PM-8:30 PM.*

* *C. KDPS policies on officer use of non-departmental communications during duty.*

*Failure to disclose may imply obstruction or destruction of public records.*

6. *DELIVERY & FEE WAIVER REQUEST*

* *Provide records electronically (preferred) or via secure link.*

* Notify me if fees exceed $20 before processing.

* Waive all fees under MCL 15.234, as this request serves the public interest and involves potential misconduct, civil rights violations, and judicial scrutiny.

SUMMARY & URGENCY

This request is tied to:

* A pending judicial matter in Kalamazoo Circuit Court, as new evidence

* Potential Fourth Amendment violations, profiling, and officer misconduct.

* Concerns regarding unauthorized law enforcement activity.

Please acknowledge receipt and provide an estimated completion date per MCL 15.235(2). A response within five (5) business days is expected.

Sincerely,
Andre Belous
Reporter, Last Scribe Ministry

7626 N 26th St Kalamazoo, MI 49004

In accordance with the applicable provisions of the Michigan Freedom of Information Act, MCL 15.235(2)(d), the City of Kalamazoo has extended the statutory time period for responding to your request by 10 business days to July 17, 2025, in order to compile and review the records you have requested.

Please contact us by replying to this email if you have any further concerns/questions related to this request.

Sincerely,

Kalamazoo Department of Public Safety

---

To monitor the progress or update this request please log into the Public Records Center

*GoVO\*

Gmail - [Records Center] Public Safety Records Request :: P019118-0 ...          https://mail.google.com/mail/u/2/?ik=1b4779967d1&view=pt&search=a...

 **Gmail**

Andre <watchman.command.center@gmail.com>

## [Records Center] Public Safety Records Request :: P019118-062525

City of Kalamazoo Public Records Request Center <kalamazoomi@govqa.us>          Thu, Jul 31, 2025 at 10:34 AM
To: "watchman.command.center@gmail.com" <watchman.command.center@gmail.com>

--- Please respond above this line ---



RE: Freedom of Information Act Request of June 25, 2025, Reference# P019118-062525.

Dear Andre Belous,

The Kalamazoo Department of Public Safety received a public information request from you on June 25, 2025.
Your request mentioned:

"*Dear FOIA Officer,*

*Pursuant to the Michigan Freedom of Information Act (MCL 15.231 et seq.), I formally request the following public records pertaining to a traffic stop conducted by officers of the Kalamazoo Department of Public Safety (KDPS) on June 24, 2025, between 6:30 PM and 8:30 PM, involving:*

*\* Vehicle: Toyota Sequoia (Michigan License Plate: DOC 2716)*

*\* Location: Vicinity of Motel 6/Econo Lodge, to Speedway Station 2375 S Sprinkle rd, Kalamazoo, MI*

*1. OFFICER CREDENTIALS & LEGAL AUTHORITY*

*For Officer S. Overly, Officer Garner (Badge #1589), and all other involved personnel, provide:*

*\* A. Certified copies of their Oath of Office, including execution date and filing authority.*

*\* B. Proof of active bond, surety, or professional liability insurance as of June 24, 2025.*

*\* C. Employment start date with KDPS or the City of Kalamazoo.*

*\* D. Any records of external deputization, inter-agency agreements, or third-party assignments (if applicable).*

*Note: Failure to provide these documents may constitute evidence of unauthorized law enforcement activity under MCL 750.217c (impersonation of a public official).*

*2. VIDEO, AUDIO, & DIGITAL EVIDENCE*"

*Exhibit 2*

1 of 3                                                                                                                              1/27/2026, 8:26 PM

*A. Full body-worn camera (BWC) footage from all involved officers.

* B.  Complete dashcam footage from patrol vehicles.

* C. Dispatch logs, CAD/MDT records, radio transcripts, and incident reports related to the stop.

* D. Any supervisor reviews, notes, or post-stop documentation.

If no records exist, provide a written confirmation of their nonexistence.

3. LEGAL BASIS FOR THE STOP

* A.  The articulable suspicion or probable cause justifying the stop.

* B. Documentation of the reason for initiating contact with my vehicle or passengers.

* C.  Confirmation of whether the stop was officer-initiated or dispatch-directed.

Absent documented justification, this may constitute an unlawful stop under the Fourth
Amendment and Brown v. Texas, 443 U.S. 47 (1979).

4. PRE- AND POST-STOP SURVEILLANCE RECORDS

To assess potential profiling or improper targeting, provide:

· A  Five minutes prior to stop:

* GPS/AVL  data of patrol vehicles near the scene.

* Any footage or notes indicating pre-stop observation.

· B.  Five minutes after stop:

* Patrol vehicle movements and post-stop activity logs.

* Evidence of continued surveillance or loitering.

5. USE OF ENCRYPTED OR NON-STANDARD COMMUNICATIONS

* A.  A list of messaging platforms used by KDPS officers (e.g., Signal, WhatsApp, Zella, Slack).

* B.  Copies of all communications related to this stop sent via such platforms between 6:30 PM-
8:30 PM.

* C.  KDPS policies on officer use of non-departmental communications during duty.

Failure to disclose may imply obstruction or destruction of public records.

6. DELIVERY & FEE WAIVER REQUEST

* Provide records electronically (preferred)  or via secure link.

\* *Notify me if fees exceed $20 before processing.*

\* *Waive all fees under MCL 15.234, as this request serves the public interest and involves potential misconduct, civil rights violations, and judicial scrutiny.*

*SUMMARY & URGENCY*

*This request is tied to:*

\* *A pending judicial matter in Kalamazoo Circuit Court, as new evidence*

\* *Potential Fourth Amendment violations, profiling, and officer misconduct.*

\* *Concerns regarding unauthorized law enforcement activity.*

*Please acknowledge receipt and provide an estimated completion date per MCL 15.235(2). A response within five (5) business days is expected.*

*Sincerely,*
*Andra Belous*
*Reporter, Last Scribe Ministry*

*7626 N 26th St Kalamazoo, MI 49004\**

The Kalamazoo Department of Public Safety has reviewed its files and has located responsive records to your request  Please log in to the Public Records Center to retrieve the appropriate responsive documents  We have received payment for the video footage and have start to process this portion of the request. Please contact Kalamazoo County Consolidated Dispatch Authority for copies of CAD notes, dispatch calls and etc. They can be reached at 269-488-6618.

Public Safety Records Request- P019118-062525

Sincerely,

Kalamazoo Department of Public Safety

NOTICE: Michigan law provides two means for appealing a denial of all or part of a request under the Freedom of Information Act. You may file a written appeal with the City Clerk or the City Attorney which must state the word "appeal" and identify the reason or reasons for reversal of the denial.
In addition, you have the right to challenge this denial by starting a lawsuit in the Kalamazoo Circuit Court to compel disclosure within 180 days after a final denial of the request. Should you prevail, you will be entitled to have reasonable attorney fees, costs and disbursements assessed against the public body, as ordered by the Court. If the public body has been arbitrary and capricious, you may be awarded, in addition to actual damages, punitive damages not exceeding $1,000.
The City of Kalamazoo FOIA Procedures & Guidelines and its Written Public Summary are available at www.kalamazoocity.org/foia

To monitor the progress or update this request please log into the Public Records Center



Gmail - [Records Center] Public Safety Records Request :: P020343-1          https://mail.google.com/mail/u/2/?ik=1b477967d1&view=pt&search=a...

 **Gmail**                                    Andre <watchman.command.center@gmail.com>

---

**[Records Center] Public Safety Records Request :: P020343-111225**

City of Kalamazoo Public Records Request Center <kalamazoomi@govqa.us>          Wed, Nov 19, 2025 at 4:02 PM
To: "watchman.command.center@gmail.com" <watchman.command.center@gmail.com>



RE: Freedom of Information Act Request dated November 12, 2025, Reference# P020343-111225

Dear Andre Belous,

The Kalamazoo Department of Public Safety has received your public information request dated 11/12/2025 pursuant to MCL 15.235(1) for the following:

*View Message*
*TO: "City of Kalamazoo Public Records Request Center"[kalamazoomi@govqa.us]*
*IMMEDIATE SUPPLEMENTAL FOIA REQUEST*
*Subject: FOIA P020338-111225 - Request for Pre-Stop and Dash-Camera Footage*
*Date: 11.12.2025*
*From:*
*Andre Belous*

*7626 N 26th Street*

*Kalamazoo, MI 49004To:*

*FOIA Coordinator - City of Kalamazoo*

*150 E Crosstown Pkwy, Suite A*

*Kalamazoo, MI 49001*
*foia@kalamazoocity.org*

*I. Purpose*
*This filing supplements FOIA P020338-111225 and P019118-062525. The newly released videos omit the critical pre-stop footage showing my vehicle's lane change–the alleged basis for the June 24 2025 traffic stop near Motel 6/ Econo Lodge / Speedway Gas Station, Sprinkle Road, Kalamazoo.*

*To determine whether the claimed violation occurred, I request all related dash-camera and in-car recordings that captured events from five (5) minutes before the stop until the officers' emergency lights were activated.II. Records Requested*
*Full dash-camera video and corresponding audio from each KDPS patrol vehicle involved, beginning no later than 5 minutes before the activation of emergency lights and continuing through the stop's conclusion.*
*Body-camera footage from any officers positioned behind or approaching from the Motel 6/Econo Lodge parking lot prior to the stop.*

1 of 4                                                                    1/27/2026, 1:54 PM

*Dispatch or AVUGPS logs showing the patrol car's route, location, and camera activation timestamp during that 10-minute window.*
*Chain-of-custody I redaction logs identifying who handled, reviewed, or classified these videos as "internal" or "non-existent."*
*If any portion is claimed exempt, please supply a Vaughn-style index (document description, statutory exemption, and justification) per Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973).III. Legal Authority Requested under the Michigan Freedom of Information Act, MCL 15.231 et seq., including § 15.235 (5) and § 15.240 (7).*

*This request also relates directly to a pending judicial matter, making timely disclosure essential to due-process rights protected by the First and Fourteenth Amendments.IV. Delivery & Fees*
*Provide all files electronically (MP4, AVI, or MOV).*

*Notify me before processing if costs exceed $20.*

*This request serves a public-interest purpose and qualifies for a fee waiver under MCL 15.234 (3). V. Certification & Response Time*
*Please acknowledge receipt within five (5) business days as required by MCL 15.235 (2).*

*Failure to produce these records will constitute constructive denial and will be included in forthcoming litigation under MCL 15.240 and 42 U.S.C. § 1983.*
*Sincerely,*

*Andre Belous*

*Reporter, Last Scribe Ministry*

*7626 N 26th Street | Kalamazoo, MI 49004*

*On Wed, Nov 12, 2025 at 9:12 AM City of Kalamazoo Public Records Request Center wrote:*

*Dear Andre Belous:*

*Thank you for your interest in public records of Kalamazoo Department of Public Safety. Your request has been received and is being processed in accordance with the Freedom of Information Act, Public Act 422 of 1976, as amended, MCL 15.231 et. seq. Your request was received in this office on 11/10/2025 and given the reference number P020338-111225 for tracking purposes. With Electronic Requests, the statutory response time does not begin until the following business day.*

*Records Requested: TO: "City of Kalamazoo Public Records Request Center"[kalamazoomi@govqa.us]*
*SUPPLEMENTAL FREEDOM OF INFORMATION ACT REQUEST*
*Reference: FOIA No. P019118-062525 - Continued Request for Records of Qualification, Authority, and Oversight*
*Date: 11.10.2025*
*From:*
*Andre Belous*

*7626 N 26th Street*

*Kalamazoo, MI 49004*
*To:*
*FOIA Coordinator - City of Kalamazoo*

*150 E Crosstown Pkwy, Suite A*

*Kalamazoo, MI 49001*
*foia@kalamazoocity.org*

*Cc:*

Mayor David F. Anderson - Head of Public Body

Marcia K. Jones - Assistant City Attorney

Scott Borling - City Clerk

Ryan Tibbs / Jeff VanderWiere - KDPS Command

Records Division - Kalamazoo Department of Public Safety/. Purpose
This supplemental filing extends FOIA P019118-062525 to obtain all remaining records required to verify
lawful authority of officials involved in the traffic stop of June 24 2025 and in subsequent FOIA
processing. The purpose is to document statutory compliance under MCL 15.151 through 15.205 and
related provisions.II. Records Requested
Oaths of Office and Official Bonds

Certified copies of the executed and filed oaths of office (MCL 15.151 et seq.) and any surety or liability
bonds (MCL 15.153) for the following individuals:
City Clerk Scott Borling
Assistant City Attorney Marcia K. Jones
Mayor David F. Anderson
Chief Ryan Tibbs and/or Chief Jeff VanderWiere
All KDPS Records-Division personnel handling FOIA P019118-062525
Include: execution date, filing date, appointing authority, and repository location for each oath and bond.
Employment & Commission Records

Appointment or hire letters, HR authorization forms, and any re-appointment or re-hire actions related to
the above officers if their oaths were executed later than 10 days after appointment (see MCL 15.203).
Video-Redaction and Classification Logs

a. Records showing who determined that videos were marked "internal."

b. Correspondence or policies governing video redaction and portal access.

c. Audit logs of portal access for user ABEL0US29 (you) from June 25 to present, showing all login
blocks or password resets.
Communications Regarding FOIA Handling

All emails, memos, or messages between Marcia K. Jones, Scott Borling, KDPS Records staff, and Mayor
Anderson relating to this FOIA request, its appeal, and classification of records as "exempt," "internal,"
or "delayed."
Clerk's Authority to Administer Oaths

Certified copy of Scott Borling's commission or delegation authorizing him to administer oaths for KDPS
personnel under MCL 15.151 and MCL 55.285.111. Legal Basis
This request is made under the Michigan Freedom of Information Act, MCL 15.231 et seq.

Statutory authority includes:
MCL 15.153 & 15.203- oath and bond requirements within ten days of appointment.
MCL 15.205 - prohibits acting before qualification.
MCL 15.240(7) - provides for punitive damages for arbitrary or capricious denials.
Failure to produce records within five (5) business days constitutes a constructive denial and will trigger
judicial review and damages under MCL 15.240 and 42 U.S.C. § 1983.IV. Format and Delivery
Provide records electronically (PDF or digital media).
If fees apply, notify me before processing if they exceed $20.
This request qualifies for a fee waiver under MCL 15.234(3) because it serves a public interest in exposing
potential violations of oath and due-process rights. V. Certification and Response Time
Please acknowledge receipt within five (5) business days as required by MCL 15.235(2).

If records are claimed to be exempt, you must provide a written Vaughn index describing each withheld
document and specific legal exemption claimed. (Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973)).
Sincerely,

Gmail - [Records Center] Public Safety Records Request: P020343-I... https://mail.google.com/mail/u/2/?ik=1b477967d1&view=pt&search=a

*Andre Belous*

*Reporter, Last Scribe Ministry*

*7626 N 26th St, Kalamazoo MI 49004*

In accordance with the applicable provisions of the Michigan Freedom of Information Act, MCL 15.235(2)(d), the City of Kalamazoo has extended the statutory time period for responding to your request by 10 business days to December 05, 2025, in order to compile and review the records you have requested.

Please contact us by replying to this email if you have any further concerns/questions related to this request.

Sincerely,

Kalamazoo Department of Public Safety

This is an auto-generated email and has originated from an unmonitored email account. Please DO NOT REPLY.



Gmail – [Records Center] Public Safety Records Request  P020338-1...          https://mail.google.com/mail/u/2/?ik=1b477967d1&view=pt&search=a

 Gmail                                    Andre <watchman.command.center@gmail.com>

## [Records Center] Public Safety Records Request :: P020338-111225

City of Kalamazoo Public Records Request Center <kalamazoomi@govqa.us>                Thu, Dec 4, 2025 at 4:06 PM
To: "watchman.command.center@gmail.com" <watchman.command.center@gmail.com>

— Please respond above this line —



RE: Freedom of Information Act Request of November 10, 2025, Reference #P020338-111225.

Dear Andre Belous,

The Kalamazoo Department of Public Safety received a public information request from you on November 10, 2025. Your request mentioned:

*"TO: "City of Kalamazoo Public Records Request Center"[kalamazoomi@govqa.us]*
**SUPPLEMENTAL FREEDOM OF INFORMATION ACT REQUEST**
*Reference: FOIA No. P019118-062525- Continued Request for Records of Qualification, Authority, and Oversight*
*Date: 11.10.2025*
*From:*
*Andre Belous*

*7626 N 26th Street*

*Kalamazoo, MI 49004*
*To:*
*FOIA Coordinator - City of Kalamazoo*

*150 E Crosstown Pkwy, Suite A*

*Kalamazoo, MI 49001*
*foia@kalamazoocity.org*

*Cc:*

*Mayor David F. Anderson - Head of Public Body*

*Marcia K Jones - Assistant City Attorney*

*Scott Borling - City Clerk*

*Ryan Tibbs / Jeff VanderWiere - KDPS Command*

*Records Division - Kalamazoo Department of Public Safety/. Purpose*

1 of 3                                                                    1/27/2026, 1:51 PM

This supplemental filing extends FOIA P019118-062525 to obtain all remaining records required to verify lawful authority of officials involved in the traffic stop of June 24 2025 and in subsequent FOIA processing. The purpose is to document statutory compliance under MCL 15.151 through 15.205 and related provisions.II. Records Requested
Oaths of Office and Official Bonds

Certified copies of the executed and filed oaths of office (MCL 15.151 et seq.) and any surety or liability bonds (MCL 15.153) for the following individuals:
City Clerk Scott Borling
Assistant City Attorney Marcia K. Jones
Mayor David F. Anderson
Chief Ryan Tibbs and/or Chief Jeff VanderWiere
All KDPS Records-Division personnel handling FOIA P019118-062525
Include: execution date, filing date, appointing authority, and repository location for each oath and bond.
Employment & Commission Records

Appointment or hire letters, HR authorization forms, and any re-appointment or re-hire actions related to the above officers if their oaths were executed later than 10 days after appointment (see MCL 15.203).
Video-Redaction and Classification Logs

a. Records showing who determined that videos were marked "internal."

b. Correspondence or policies governing video redaction and portal access.

c. Audit logs of portal access for user ABEL0US29 (you) from June 25 to present, showing all login blocks or password resets.
Communications Regarding FOIA Handling

All emails, memos, or messages between Marcia K. Jones, Scott Borling, KOPS Records staff, and Mayor Anderson relating to this FOIA request, its appeal, and classification of records as "exempt," "internal," or "delayed."
Clerk's Authority to Administer Oaths

Certified copy of Scott Borling's commission or delegation authorizing him to administer oaths for KDPS personnel under MCL 15.151 and MCL 55.285.III. Legal Basis
This request is made under the Michigan Freedom of Information Act, MCL 15.231 et seq.

Statutory authority includes:
MCL 15.153 & 15.203- oath and bond requirements within ten days of appointment.
MCL 15.205 - prohibits acting before qualification.
MCL 15.240(7) - provides for punitive damages for arbitrary or capricious denials.
Failure to produce records within five (5) business days constitutes a constructive denial and will trigger judicial review and damages under MCL 15.240 and 42 U.S.C. § 1983.IV. Format and Delivery
Provide records electronically (PDF or digital media).
If fees apply, notify me before processing if they exceed $20.
This request qualifies for a fee waiver under MCL 15.234(3) because it serves a public interest in exposing potential violations of oath and due-process rights. V. Certification and Response Time
Please acknowledge receipt within five (5) business days as required by MCL 15.235(2).

If records are claimed to be exempt, you must provide a written Vaughn index describing each withheld document and specific legal exemption claimed. (Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973)).
Sincerely,

Andre Belous

Reporter, Last Scribe Ministry

7626 N 26th St, Kalamazoo MI 49004"

In response to your request, Kalamazoo Department of Public Safety staff has compiled records responsive to your request. Please login to the Public Records Center to view your invoice.
The cost for these records is $39.42

Please send a check made out to the City of Kalamazoo, with "Ref No. P020338-111225" written in the memo section and mail to:

Kalamazoo Department of Public Safety
Attn: Public Safety Records
150 E. Crosstown Pkwy, Suite A
Kalamazoo, MI 49001

Upon receipt of payment, the records will be released to you. Please be advised that this request will be held open for 48 days from the date of this letter.  If we do not receive a response from you within that time frame, at the end of 48 days the request will be closed.

Please reply to this email if you have any further questions.
Sincerely,

Kalamazoo Department of Public Safety

To monitor the progress or update this request please log into the Public Records Center

GoVO\

 **Gmail**                                        Andre <watchman.command.center@gmail.com>

---
**FOIA  P019118 - Response to Appeal**
---

Andre <watchman.command.center@gmail.com>                          Tue, Oct 28, 2025 at 2:32 PM
To: foia <foia@kalamazoocity.org>

# NOTICE OF CONTINUED OBSTRUCTION, DEMAND FOR DISCLOSURE, AND FORMAL FOIA APPEAL

**Reference: FOIA No. P019118-062525**

**Date: 10.28.2025**

**From:**

**Andre Belous**
Reporter, *Last Scribe Ministry*
7626 N. 26th St., Kalamazoo, MI 49004
Email: watchman.command.center@gmail.com

**To:**

**David F. Anderson, Mayor & Head of Public Body (FOIA Appeals)**
**City of Kalamazoo-FOIA Coordinator & KDPS Records Division**
150 E. Crosstown Pk$_{w y}$ , Suite A
Kalamazoo, MI 49001

## I. SUMMARY OF RECORD AND PURPOSE

This notice and demand concerns the City's continued failure to timely comply with the Michigan Freedom of Information Act (MCL 15.231 et seq.) and the constitutional right to petition for redress of grievances under the **First Amendment.**

The City has admitted receipt of my FOIA request (PO 19118-062525, dated June 25, 2025) and has failed to produce all requested materials, including **body camera recordings, communications, and policy records** related to the June 24, 2025 stop involving Officers Overly and Gamer.

## II. NEW EVIDENCE AND AFFIDAVITS

Attached are signed **Affidavits and Limited Authorizations** from passengers **Melanie Smith** and **Edward A Shaw**, confirming:

    l.   That they were present during the June 24, 2025 traffic stop.

2.   That they authorize the release of all personal or related information to Andre Belous and *Last Scribe Ministry*.

3.   That the officers' actions and subsequent conduct raise legitimate concerns of **profiling, unlawful detainment, and abuse of authority.**

This new evidence voids any claim of "personal privacy exemption" (MCL 15.243(1)(a)) previously asserted by the City, as both individuals have expressly waived those rights.

## III. RELIGIOUS PROTEST & CONSTITUTIONAL NOTICE

This continued obstruction and delay constitutes:

- A **denial of due process** and **equal protection** of law.

- A **violation of the right to petition** government for grievances under the **First Amendment.**

- An **impediment to the exercise of religious conscience and protest,** as *Last Scribe Ministry* functions under a sacred duty to expose corruption and uphold truth in governance.

All actions and filings are made under **religious protest,** and any further concealment will be documented as a willful violation of constitutional rights.

## IV. DEMAND FOR IMMEDIATE ACTION

You are hereby **ordered and demanded** to produce, within **five (5) business days:**

1.   All remaining responsive materials under FOIA FO19118-062525.

2.   The names, titles, and certifications of all personnel involved in the denial, review, or processing of this FOIA.

3.   A full accounting of **internal communications** regarding this request, including any discussions of exemptions, delays, or "staffing issues."

4.   Written proof of all **oath of office filings** for the officers involved and for the clerk or city staff who certified those oaths.

Failure to comply will be recorded as a **final default,** triggering assessment of **daily damages** and fee accrual under my **Waiver of Tort and Self-Executing International Contract,** recorded May 14, 2010 (Instrument No. 2014-015953, Kalamazoo County).

## V. NOTICE OF DAMAGES AND FEE SCHEDULE

As of this date, the City is **in continuing default.** Pursuant to the **Waiver of Tort** referenced above, daily damages accrue for every day of non-compliance, including administrative delay, suppression of records, and obstruction of justice.

Payment is now due and payable in full upon receipt of this notice. Continued concealment will constitute a knowing and willful conspiracy to obstruct justice under color of law (18 U.S.C. §§ 241-242).

## VI. PRESERVATION & FUTURE ACTION

All officials and agents are hereby placed on notice of record retention obligations.
No document, file, or digital record related to FOIA FO19118-062525 may be altered, redacted, or destroyed.

Absent full compliance within five (5) business days, I will file:

　　1.  **A Verified Complaint in Circuit Court** under MCL 15.240(1)(b) and (7); and

　　2.  **A Federal Civil Rights Complaint** under 42 U.S.C. § 1983 for ongoing deprivation of rights and obstruction of petition.

## VII. CERTIFICATION

This communication constitutes a **continuing religious and constitutional protest**, lawfully executed by Andre Belous, Witness for *Last Scribe Ministry*, and recorded as part of an ongoing public investigation into government accountability. www.last-scribe.com

**Respectfully submitted,**
**/s/ Andre Belous**
Reporter & Witness, *Last Scribe Ministry*
Date: 10.28.2025

**Attachments:**

　　1.  Affidavit and Limited Authorization - Melanie Smith

　　2.  Affidavit and Limited Authorization - Edward A Shaw

　　3.  Waiver of Tort (Instrument #2014-015953, Kalamazoo County)

　　4.  Copy of Mayor Anderson's Response (Aug. 8, 2025)

　　5.  Copy of Original FOIA FO19118-062525

[Quoted text hidden]

Affidavit and limited authorization 10282025_0001.pdf
1708K

August 8, 2025

Andre Belous
7626 N. 26th Street
Kalamazoo, MI 49004

Re: Freedom of Information Act (FOIA) Appeal

Dear Mr. Belous:

I am in receipt of your FOIA Appeal filed with the City regarding records and videos requested by you from the City of Kalamazoo. Please be advised that, pursuant to the policy adopted by the City Commission, I, as the "head of the public body" for the purposes of FOIA, have reviewed your appeal.

In your appeal you indicate that you are requesting several documents and videos related to a traffic stop in the City of Kalamazoo. You reference a denial of your request however it does not appear as though there was a formal denial. The City is attempting to gather the requested information and respond to you indicating the information they have or do not have. It is my understanding you have received many of the documents you requested. I know you have an objection to the estimated length oftime it takes to process the videos but unfortunately, due to staffing issues, this process is taking a while. Please be patient as the Records-department seeks to satisfy your request.

Therefore, your appeal is being granted in part as you have received many of the requested documents. City staff will further provide you with any other documents in their possession and notify you if they do not exist within the City.

You have the right to challenge this determination by commencing a lawsuit in the Kalamazoo Circuit Court within 180 days after the date of this letter. Should you prevail, you may be entitled to have reasonable attorney fees, costs and disbursements assessed against the public body, as ordered by the Court. If the Court determines that the public body has been arbitrary and capricious in its denial, you may be awarded, in addition to actual damages, punitive damages not exceeding $500.

Very truly yours,

Mayor David F. Anderson



## KALAMAZOO DEPARTMENT OF PUBLIC SAFETY
150 E. Crosstown Parkway, Suite A, Kalamazoo, Michigan 49001       (269) 337-8123

August 07, 2025

Andre Belous
7626 N 26th St
Kalamazoo MI 49004

RE: Freedom ofInformation Act Request ofJune 25, 2025, Reference# P019118-
062525

Dear Andre Belous,

The Kalamazoo Department ofPublic Safety received a public information request
from you on June 25, 2025. Your request mentioned:

> *"Dear FOIA Officer,*
>
> *Pursuant to the Michigan Freedom ofInformation Act (MCL 15.231 et seq.), I
> formally request thefollowingpublic recordspertaining to a traffic stop
> conducted by officers of the Kalamazoo Department o fPublic Safety (KDPS)
> on June 24, 2025, between  6:30 P M and 8:30 PM, involving:*
>
> \* *Vehicle:  Toyota Sequoia (Michigan License Plate:  DOC 2716)*
>
> \* *Location:  Vicinity ofMotel 6/Econo Lodge, to Speedway Station 2375 S
> Sprinkle rd, Kalamazoo, M I*
>
> ## 1. OFFICER CREDENTIALS & LEGAL AUTHORITY
>
> *For Officer S  Overly, Officer Garner (Badge #1589), and all other involved
> personnel, provide:*
>
> \* *A. Certified copies o/their Oath of Office, including execution date and
> filing authority.*
>
> \* *B. Proof of active bond, surety, orprofessional liability insurance as o f
> June 24, 2025.*

EXHIBIT 7



### KALAMAZOO DEPARTMENT OF PUBLIC SAFETY
150 E. Crosstown Parkway, Suite A, Kalamazoo, Michigan 49001   ·   (269) 337-8123

*

    C *Employment start date with KDPS or the City o/Kalamawo.*

*

    *D. Any records of external deputization, inter-agency agreements, or third-party assignments (if applicable).*

*Note: Failure to provide these documents may constitute evidence of unauthorized law enforcement activity under MCL 750.217c (impersonation of a public official).*

### 2  VIDEO, AUDIO, & DIGITAL EVIDENCE

*

    *A. Full body-worn camera (BWC) of ootage from all involved officers.*

*

    *B. Complete dashcam footage from patrol vehicles.*

*

    *C Dispatch logs, CAD/MDT records, radio transcripts, and incident reports related to the stop.*

*

    *D. Any supervisor reviews, notes, or post-stop documentation.*

*I/no records exist, provide a written confirmation of their nonexistence.*

### 3. LEGAL BASIS FOR THE STOP

*

    *A. The articulable suspicion or probable cause justifying the stop.*

*

    *B. Documentation of the reason/or initiating contact with my vehicle or passengers.*

*

    *C Confirmation of whether the stop was officer-initiated or dispatch-directed.*

*Absent documented justification, this may constitute an unlawful stop under the Fourth Amendment and Brown u Texas, 443 US. 47 (1979).*



**KALAMAZOO DEPARTMENT OF PUBLIC SAFETY**

150 E. Crosstown Parkway, Suite A, Kalamazoo, Michigan 49001     (269) 337-8123

*4. PRE-AND POST-STOP SURVEILLANCE RECORDS*

*To assess potential profiling or improper targeting, provide:*

    *A  Five minutes prior to stop:*

        \*
           *GPS/AVL data o/patrol vehicles near the scene.*

        \*
           *Any footage or notes indicating pre-stop observation.*

    *B  Five minutes after stop:*

        \*
           *Patrol vehicle movements and post-stop activity logs.*

        \*
           *Evidence of continued surveillance or loitering.*

*5.  USE OF ENCRYPTED OR NON-STANDARD  Wolthuis, Aleshia,  7/2/2025 9:14:58 AM:*
*[Message Truncated.]*

*Wolthuis, Aleshia,  7/8/2025 9:07:00 AM:*
*[Message Truncated.]*

*Andre Belous,  7/8/2025 2:56:55 PM:*
  *TO:  "City a/Kalamazoo Public Records Request*
  *Center"[kalamazoomi@govqa.usJ*
  *SUBJECT:  FOIA Payment Submission with Formal Objection - Ref*
  *#P019118-062525*
  *To:*
 *f oia@kalamazoocity.org*
 *p ublicsafety@kalamazoocity.org*
 *Dear FOIA Officer,*
 *This message concerns FOIA Request #P019118-062525 and Invoice INV25-*
 *7019118-1.*
 *I am submitting a check in the amount o/$93.40 payable to the City of*
 *Kalamazoo, per the instructions provided.  The check will be mailed to:*



## KALAMAZOO DEPARTMENT OF PUBLIC SAFETY

150 E. Crosstown Parkway, Suite A, Kalamazoo, Michigan 49001    (269) 337-8123

*City of Kalamazao*

*ATTN: Public Safety Records*

*150 E  Crosstown Pkwy, Suite A*

*Kalamazoo, M I 49001*
*Please apply this payment to the above-referenced FOIA request and confirm*
*receipt upon  delivery.. & FORMAL  OBJECTION TO OBSTRUCTION &*
*UNREASONABLE DELAY*
*faith, I am doing so under formal protest.*
*I object to:*
*I Do NOT Accept the 20-25 Week Delay.*

*The unreasonable 20-25 week delay f o r releasing existing digital video*
*footage,*
*The lack of clear and accessible online payment options,*
*The overall obstructionist process that impairs my law/ul right to access public*
*records under MCL 15.231 et seq.*
*This request involves:*
*A pending judicial proceeding,*
*Potential impersonation of a public officer,*
*And civil rights violations under color of law.*
*I reserve all rights to pursue legal r e m e d i e s - Including action under MCL*
*15.240, civil rights statutes, and federal FOIA-equivalent claims -  should*
*these delays or process failures continue.*
*Please confirm that my request remains active and will proceed in good faith*
*upon  receipt of payment.*
*Sincerely,*
*Andre Belous*

*7626 N 26th St*

*Kalamazoo, M I 49004*

*On  Tue, Jul 8, 2025 at 9:07A M City of Kalamazoo Public Records Request*
*Center <kalamazoomi@govqa.us> wrote:*



## KALAMAZOO DEPARTMENT OF PUBLIC SAFETY
150 E. Crosstown Parkway, Suite A. Kalamazoo, Michigan 4900 [     (269) 337-8123

*Andre Belous,  7/29/2025 12:51:17 PM:*
*TO:  "City o/Kalamazoo Public Records Request*
*Center "[kalamazoomi@govqa.usJ*

*Subject.·Formal FOIA Appeal-  Unlawful Delay and Constructive Denial-*
*Request #P019118-062525*
*To.foia@kalamazoocity.org*
*From: Andre Belous I*

*Dear FOIA  Coordinator,*
*I am writing to formally appeal the denial and delay of my Michigan Freedom*
*of Information Act (FOIA) Request #P019118-062525, submitted on June 25,*
*2025, concerning a traffic stop involving Kalamazoo Department o/Public*
*Safety officers on June 24, 2025.*
*This FOIA  appeal is submitted pursuant to MCL 15.240(1)(b),  as the*
*following violations now constitute an unlawful denial o/access: Grounds/or*
*Appeal:*
*Excessive Delay*

*The City's proposed 20-25 week delay/or production o/standard digital*
*records (body cam/dash cam footage)  is unreasonably long and unsupported*
*by any statutory exemption or workload justification. Such a delay qualifies as*
*a constructive denial under Michigan case law.*
*Partial Non-Compliance*

*To date, the following records have not been produced or acknowledged*
*despite/ailing outside any complex processing claim:*
*Oaths o/office and bonding records/or involved officers*
*Dispatch  and GPS logs*
*Internal communications regarding the stop*
*Public safety contact card issued without citation*
*Violation o/Statutory Timeframes*

*Under MCL  15.235(2),  the agency was required to respond within  5 business*
*days or extend/or no more than  10 days.  The prolonged timeline,  especially*
*f o r public interest matters tied to pending litigation,  violates both  FOIA  and*



## KALAMAZOO DEPARTMENT OF PUBLIC SAFETY

150 E. Crosstown Parkway, Suite A, Kalamazoo, Michigan 49001    (269) 337-8123

*constitutional due process.  f.IIR..elief Requested on Appeal:*
*Immediate release of all non-video responsive materials.*
*Expedited production of video evidence within XI business days or a written*
*legal justification for del*$_{ay}$*.*
*Confirmation of oath and bond records per MCL 15.151-15.153.*
*Fee waiver per MCL 15.234(3) given the public interest in exposing*
*misconduct,  unlawful stops,  and due process violations.*
*If no satisfactory response is received within 7 business days, I will pursue*
*enforcement through state court under MCL 15.240(3) and federal court*
*under 42 USC § 1983, seeking injunctive and declaratory relief for*
*violations of my First and Fourteenth Amendment rights.*
*Please confirm receipt of this FOIA appeal and notify me of your decision*
*promptly as required by law.*
*Sincerely,*
*Andre Belous*

*7626 N 26th Street*

*Kalamazoo, MI 49004*


*On Tue, Jul 8 2025 at 9:07AM City o/Kalamazoo Public Records Request*
*Center <ka.lamazoomi@govqa.us> wrote:*



*Wolthuis, Aleshia,  7/31/2025 10:34:21 AM·*
*[Message Truncated..]*



\*
   *A  A list of messaging platforms  used by KDPS officers  (e.g,  Signal,*
*WhatsApp, Zella, Slack).*
\*
   *B  Copies of all communications  related to this stop sent via such*
*platforms between  6:30 PM-8:30 PM*



## KALAMAZOO DEPARTMENT OF PUBLIC SAFETY

150 E. Crosstown Parkway, Suite A, Kalamazoo, Michigan 49001  •  (269) 337-8123

\* *C KDPS policies on officer use of non-departmental communications during dutJ:*

*Failure to disclose may imply obstruction or destruction of public records.*

### 6 DELIVERY & FEE WAIVER REQUEST

\* *Provide records electronically (preferred) or via secure link.*

\* *Notify me if fees exceed $20 before processing.*

\* *Waive all fees under MCL 15.234, as this request serves the public interest and involves potential misconduct, civil rights violations, and judicial scrutiny.*

### SUMMARY & URGENCY

*This request is tied to:*

\* *A pending judicial matter in Kalamazoo Circuit Court as new evidence*

\* *Potential Fourth Amendment violations, profiling, and officer misconduct.*

\* *Concerns regarding unauthorized law enforcement activity.*

*Please acknowledge receipt and provide an estimated completion date per MCL 15.235(2). A response within five (5) business days is expected.*

*Sincerely,*
*Andre Belous*
*Reporter, Last Scribe Ministry*

*7626 N 26th St Kalamazoo. M I 49004"*



## KALAMAZOO DEPARTMENT OF PUBLIC SAFETY

150 E. Crosstown Parkway, Suite A, Kalamazoo, Michigan 49001   -   (269) 337-8123

The Kalamazoo Department of Public Safety has reviewed its files and has located responsive records to your request. These records can be acquired at the Kalamazoo Department of Public Safety Records Office located at:

**150 E Crosstown Pkwy, STE A**

**Kalamazoo, MI 49001**

We are still working on the footage that the deposit was paid for at this time.

If you have any questions please contact us.

Sincerely,

Kalamazoo Department of Public Safety

NOTICE  Michigan law provides two means for appealing a denial of all or part of a request under the Freedom of Information Act.  You may  file a written appeal with the City Clerk or the City Attorney which must state the word "appeal" and identified the reason or reasons for reversal of the denial.

In addition, you have the right to challenge this denial by starting a lawsuit in the Kalamazoo Circuit Court to compel disclosure within 180 days after a final denial of the request. Should you prevail, you will be entitled to have reasonable attorney fees costs and disbursements assessed against the public body, as ordered by the Court. If the public body has been arbitrary and capricious you may be awarded, in addition to actual damages, punitive damages not exceeding $1,000.

The City of Kalamazoo FOIA Procedures & Guidelines and its Written Public Summary are available at www.kalamazoocity.org/foia



## MICHIGAN MUNICIPAL
## RISK MANAGEMENT
### A U T H O R I T Y

# CERTIFICATE OF COVERAGE

This certificate is issued as a matter of information only and confers no rights upon the certificate holder except to the extent shown below. This certificate does not amend, extend, or alter the coverage contained in the Authority's Joint Powers Agreement and coverage attachments thereto.

This is to certify that a Self-Insured Program has been undertaken    the member listed below through the Authority pursuant to Act 111 P.A. 1982.

The coverage provided    the Authority is as follows:

1.  Liability coverage for general liability, automobile (including Michigan No-Fault), law enforcement, and public officials liability; in the sum of $10,000,000 each occurrence inclusive of loss adjustment and defense costs.

2.  Property Coverage including loss to real & personal property, to amounts stipulated in coverage documents and overview for this member.

3.  Motor Vehicle Physical Damage Coverage for the vehicles stipulated in the Coverage Document

4. _X_  Information only.

5. ___  The entity named below is included in the scope of protection as respects claims arising from a COVERED CONTRACT as defined in the MMRMA Liability and Motor Vehicle Physical Damage Coverage Document

6. ___  Other (as described here):

This certificate is issued in accordance with and is subject to all provisions of the Joint Powers Agreement, Coverage Documents, reinsurance agreements, MMRMA rules, regulation and administrative procedures. Should the member identified below withdraw from the Authority, or its Authority Membership be otherwise terminated, the Authority shall endeavor to notify the certificate holder in writing thirty (30) days in advance thereof but failure to furnish such notice shall impose no obligation or liability of any kind upon the Authority, or its representatives.

**Certificate Holder:**
TO WHOM IT MAY CONCERN

**Member:**
**CITY OF KALAMAZOO**
**241 W. SOUTH STREET**
**KALAMAZOO, MI 49007**

Certificate Expiration Date: January 1, 2026
Date Issued:  January 1, 2025

Member Number:# M0001130
Effective Date of Membership:  1/1/2002

Distribution:
Steve Vicenzi, City of Kalamazoo
MMRMA Underwriting

Aut   ooze    epresentati ve

27750 Stansbury Blvd., Suite 100    @    www.ibexins.com
Farmington Hills MI 48334

.   -  n 1.888.IBEX  (4239)
P 248.538.0470



EXHIBIT 8

# NOTICE OF INTENT TO SUE

**Date:** 11.12.2025

**From:**
**Andre Belous**
7626 N 26th Street
Kalamazoo, MI 49004
watchman.command center@gmail.com

Via certified mail 9589 0710 5270 0118 0585 18

**To:**
Mayor David F. Anderson - Head of Public Body
Marcia K. Jones - Assistant City Attorney
Scott A. Borling - City Clerk
Chief Ryan Tibbs/ Chief Jeff VanderWiere - KDPS Command
**Kalamazoo Department of Public Safety**
150 E Crosstown Pkwy, Suite A
Kalamazoo, MI 49001

Re: Intent to File Civil Action - Unlawful Traffic Stop, FOIA Violations, and Acting Without Lawful Authority

This Notice serves as formal written intent to initiate civil proceedings against the **City of Kalamazoo** and the **Kalamazoo Department of Public Safety (KDPS)** for violations of state and federal law arising from the traffic stop conducted on **June 24, 2025,** near the **Motel 6/Econo Lodge/Speedway Gas Station on Sprinkle Road,** and for subsequent misconduct during the Freedom of Information Act (FOIA) process.

---

I. Basis of Claims

1. **Unlawful Seizure and Search:**
   Officers **Guinevere Overly** and **Sydney Garner** detained and searched the undersigned and passenger **Melanie E . Smith** without probable cause or reasonable suspicion, violating the **Fourth and Fourteenth Amendments** to the U.S. Constitution and Art I §§ **11 & 17** of the Michigan Constitution.
   - o No traffic violation occurred; bodycam videos confirm there was **no improper lane change** or unsafe maneuver.
   - o Officers expanded the stop into an **unlawful search and body frisk of the passenger,** rummaging through private belongings without consent or a warrant

1

Exhibit 9

2. **Acting Without Lawful Qualification:**
   Both officers failed to take their **constitutional oaths of office** within the statutory 10-day period required by MCL **15.151-15.153 and MCL 15.203**, thereby **vacating their offices by operation of law.**
   - o  Overly: Hired August 19, 2021  –   Oath filed December 13, 2021
   - o  Gamer: Hired August 17, 2020  –   Oath filed December 11, 2020
        Any enforcement action prior to reappointment or reauthorization was **void ab initio.**
3. **FOIA Obstruction and Concealment:**
   The City has failed to produce full, unredacted records and withheld the crucial **dash-camera and pre-stop footage** that would show the alleged violation.
   - o  Initial FOIA: **P019118-062525** (June 25, 2025)
   - o  Supplemental FOIA: **P020338-111225** (November 10, 2025)
   - o  Missing records: Pre-stop dash video, 5-minute surveillance window, GPS/AVL logs, and internal communications about classification as "internal."
4. **Due Process Violations:**
   The City's continued redactions, login obstructions, and failure to timely disclose records constitute **constructive denial** under MCL **15.235(3)** and MCL **15.240(7)**, infringing the right to petition government for redress and interfering with pending judicial matters.

---

II. Causes of Action to Be Filed

- • **Count I:** Deprivation of Rights under Color of Law (42 U.S.C. § 1983)
- • **Count II:** Violation of the Michigan Freedom of Information Act (MCL 15.231 et seq.)
- • **Count III:** Acting in Office Without Lawful Qualification (MCL 15.203, 15.205)
- • **Count IV:** Negligent Supervision and Failure to Train (Municipal Liability)
- • **Count V:** Fraudulent Concealment and Destruction of Public Records (MCL 750.491)

---

III. Remedy and Settlement Demand

To avoid immediate litigation, the City may cure within **10 business days** by:

1. Producing all withheld and unredacted video evidence, including full pre-stop footage and GPS/AVL data.
2. Providing certified copies of oaths, bonds, and HR reappointment documentation for Officers Overly and Gamer, City Clerk Borling, and Assistant City Attorney Jones.
3. Issuing written acknowledgment of statutory violations and removing unqualified officers from active duty.

If no cure is received by [10 business days from mailing date], I will proceed with filing suit in **U.S. District Court for the Western District of Michigan and Kalamazoo County Circuit Court.**

2

Damages will include:

* **Actual and punitive damages** under MCL 15.240(7) and 42 U.S.C § 1983
* **Daily accruals under recorded Waiver of Tort (05/14/2010)**
* **Attorney's fees and costs of litigation**

---

IV. Notice of Preservation

All KDPS digital evidence, video, audio, dispatch logs, and internal communications are hereby placed under **litigation hold.** Any deletion, alteration, or destruction of records will constitute **spoliation of evidence.**

---

**Sincerely,**

**Andre Belous**
Reporter, Last Scribe Ministry
7626 N 26th Street
Kalamazoo, MI 49004

And authorized representative for **Melanie E  Smith**

3

## AFFIDAVIT AND LIMITED AUTHORIZATION TO RELEASE RECORDS

*(Prepared for use with FOIA No. P0J9118-062525 and related incidents)*

**Declarant:** Melanie **f** Smith
**Location:** Kalamazoo County, Michigan
**Date:** _1 2 1_, 2025

---

### Statement Under Penalty of Perjury

I, **Melanie B. Smith**, declare the following under penalty of perjury pursuant to 28 U.S.C. § 1746 and MCL 600 2102(2):

1. On **June 24, 2025**, I was a passenger in a Toyota Sequoia operated by **Andre Belous** near the Motel 6 / Econo Lodge l Speedway on Sprinkle Road, Kalamazoo, Michigan.
2. Officers of the **Kalamazoo Department of Public Safety (KDPS)** stopped the vehicle and questioned both of us.
3. During that encounter a **female KOPS officer** questioned me about how I knew Mr Belous and implied possible "drug" or "prostitution" activity No traffic citation or written violation was issued.
4. I make this statement voluntarily, based on firsthand knowledge, to provide evidence for investigations and Freedom of Information Act (FOJA) matters connected to this stop and any related incidents involving myself and Mr. Belous.
5. I authorize the **City of Kalamazoo, KOPS, and their respective records divisions** to release to **Andre Belous and Last Scribe Ministry** any and all public records, video, audio, or written materials that reference or depict me in relation to
   a. FOIA Request No. P01918—062525; and
   b. any other incident reports, body-cam footage, or official records involving both Andre Belous and Melanie B. Smith from January 1, 2024 to the present.
6. This authorization **is limited to obtaining copies of public or discoverable records and does not grant general power of attorney** or authority to act on my behalf in legal, financial, or personal matters.
7. I understand this consent may be revoked by me at any time in writing.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

---

Executed this _2S_ day of _De(ft:)(5C!!-2025_ at **Kalamazoo, Michigan**.

Melani 5flJ: fh(Sigparureq}/

Witnessed by __ JI( PJ )f$ _Jie_ u c _a S __ Date: _ <~.76. 8O85_
*no notorization required unde 28 U.S.C § 1 7.8*

ExHIDIO 10A

**AFFIDAVIT AND LIMITED AUTHORIZATION TO RELEASE RECORDS**

*(Prepared for use with FOIA No. PO19118-062525 and related incidents)*

**Declarant:** Edward A Shaw
**Location:** Kalamazoo County, Michigan
**Date:** ___A>Z6__ 2025

---

**Statement Under Penalty of Perjury**

I, Edward A Shaw, declare the following under penalty of perjury pursuant to 28 U.S.C. § 1746 and MCL 600.2102(2):

1. On June 24, 2025, I was a witness to a stop by the police department at the speedway Gas station Speedway, 2375 S Sprinkle Rd, Kalamazoo, MI 49001 where a Toyota Sequoia operated by **Andre Belous** near the Motel 6 / Econo Lodge/ Speedway on Sprinkle Road, Kalamazoo, Michigan was pulled over.
2. Officers of the **Kalamazoo Department of Public Safety (KDPS)** stopped the vehicle and questioned both of us.
3. During that encounter a **female KDPS officer** questioned me about how I knew Mr. Belous and implied possible "drug" or "prostitution" activity. No traffic citation or written violation was issued.
4. I make this statement voluntarily, based on firsthand knowledge, to provide evidence for investigations and Freedom of Information Act (FOIA) matters connected to this stop and any related incidents involving myself and Mr. Belous.
5. I authorize the City of **Kalamazoo, KDPS, and their respective records divisions** to release to Andre Belous and **Last Scribe Ministry** any and all public records, video, audio, or written materials that reference or depict me in relation to:
   a. FOIA Request No. P019118-062525; and
   b. any other incident reports, body-cam footage, or official records involving both Andre Belous and Melanie B. Smith from January 1, 2024 to the present.
6. This authorization is **limited to obtaining copies of public or discoverable records** and does not grant general power of attorney or authority to act on my behalf in legal, financial, or personal matters.
7. I understand this consent may be revoked by me at any time in writing.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

---

Executed this __I__ day of __IXrt06e(2025__, at Kalamazoo, Michigan.

Edward A Shaw (S1*2/.re)'(:♦    ·27' /

Witnessed by ___/1£6___    { 60x<4"    Date ___I O '4.__ 2045

*no notarization required under 28 U.S.C. § 1746.*

